IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD MONTELONGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1962-M-BN |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND TRANSFER ORDER</u>**

Plaintiff Donald Montelongo has filed a Motion for Hearing and to Transfer Venue [Dkt. No. 30], which has been referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. No. 1. The undersigned denied the motion for hearing, *see* Dkt. No. 33, and Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has filed a response in which she does not object to Plaintiff's motion to transfer venue. *See* Dkt. No. 36. For the reasons set forth herein, Defendant's Motion to Transfer Venue is granted.

**Background**

On May 30, 2014, Plaintiff filed a complaint in this Court "contesting that [he] was denied [Social Security Supplemental Security Insurance] Benefits." Dkt. No. 3. The address that Plaintiff provided on the complaint is 1818 Corsicana, Dallas, Texas, which the Court notes is the address for The Bridge North Texas, a homeless recovery center. *See id.*

The May 1, 2014 Appeals Council Decision is addressed to Plaintiff at an address in Dallas, Texas. *See* Dkt. No. 21-3 at 2. But that decision was also sent to Plaintiff's representative, an attorney, located in California. *See id.* at 5, 8, 9, 14. The Administrative Law Judge's December 11, 2012 Decision was addressed to Plaintiff at an address in Garden Grove, California. *See id.* at 11. And the hearing before the ALJ was conducted on October 3, 2012, in Los Angeles, California. *See id.* at 30.

The motion to transfer venue indicates that Plaintiff has moved back to California. *See* Dkt. No. 30 (reflecting his "new address" is in Garden Grove, California). Garden Grove, California is located in Orange County, which is in the Southern Division of the Central District of California. *See* 28 U.S.C. § 84(c)(3).

**Legal Analysis**

42 U.S.C. § 405(g) provides that an action for judicial review of any final decision of the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* Thus, when filed, venue was proper in the Northern District of Texas. But, because Plaintiff has moved back to California, where the administrative proceedings in this case occurred, Plaintiff's motion, interpreted as a motion to change venue pursuant to 28 U.S.C. § 1404(a), appears proper. *See O'Brien v. Schweiker*, 563 F. Supp. 301, 302 (E.D. Penn. 1983) ("Since plaintiff's residency is in the Eastern District of Pennsylvania, venue would be proper here under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 1404(a), a district court, for the convenience of parties and witnesses and in the interest of justice,

2

may transfer any civil action to any other district where it might have been brought. The instant proceeding could have been brought in the Middle District of Florida where the court would have had both subject matter and personal jurisdiction. Since the administrative proceedings in this case occurred in Florida and the plaintiff, in whose name this action was brought, is currently incarcerated in Florida, it is within the interests of justice that these proceedings be held in the appropriate Florida district court." (citation and footnote omitted)); *Crews v. Sullivan*, 929 F.2d 703, 1991 WL 46409, at *1 (7th Cir. Apr. 3, 1991) ("The claim was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge (ALJ) in Little Rock, Arkansas. The Appeals Council denied Crew's request for review. Crews sought judicial review in the United States District Court for the Eastern District of Arkansas. Because Crews had moved to Illinois, 42 U.S.C. § 405(g) required a change of venue to the District Court for the Southern District of Illinois."); *cf. Kopunek v. Director of Internal Revenue*, 80 Civ. 761, 1981 WL 1766, at *2 (S.D.N.Y. Mar. 31, 1981); *Towery-Campbell v. United States*, No. CIV-06-162-JHP, 2006 WL 1523176, at *1 (E.D. Okla. May 25, 2006) (where venue was governed under 28 U.S.C. § 1402(a), under which – similar to Section 4054(g) – venue is proper in the judicial district where plaintiff resides, the courts denied motions to transfer based on plaintiffs' "desire" or "intent" to move to another judicial district).

## Conclusion

Defendant's Motion to Transfer Venue [Dkt. No. 30] is GRANTED, and this case is transferred to the Southern Division of the Central District of California for further

3

proceedings.

    SO ORDERED.

    DATED: December 30, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

4